UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER SCOTT, )<br>)<br>Defendant. ) | Criminal No. 08-CR-10224-DPW |

### JOINT MOTION FOR ENTRY OF AMOUNTS OF RESTITUTION

At the time of the sentencing of Christopher Scott ("Scott") on March 29, 2010, the Court reserved determination of restitution Scott owed his victims. Leading up to the sentencing, the parties had contested the manner in which restitution should be calculated, whether it should include, for example, various penalties assessed on victim companies as a consequence of Scott's data thefts, and whether it should be imposed at all given Mr. Scott's ability to pay and his life circumstances. The Court entered Scott's judgment on March 30, 2010, subject to later resolution of the issues related to restitution.

Neither the government nor the defendant believes that it is necessary to have a further hearing to resolve the amount that could be subject to restitution, but the parties jointly ask for a hearing relating to the manner in which, and the schedule according to which, restitution should be ordered, if at all, in light of the factors set forth in 18 U.S.C. §3664(f)(2).

As to the amount that could be subject to any restitution order, the parties continue to disagree as a matter of principle on the full composition of restitution in the case. However, the defendant does not dispute that restitution may include the fraud losses and reissuing costs incurred by banks which issued credit and debit cards stolen or placed at risk during the defendant's computer intrusions and card number thefts and the cost of conducting forensic

damage assessment of victim computer systems.  See U.S.S.G. §2B1.1, Application Note 3(A)(III).

The parties agree that these amounts exceed the defendant's foreseeable ability to pay. In light of this, and without further compromising the contentions of the parties, the parties agree that determination of the other, potentially complex issues of fact and law with respect to restitution outweighs the burden on the sentencing process, and that no hearing determining the amount that may be subject to restitution is necessary.  See 18 U.S.C. §3663A (c)(3). Accordingly, the parties jointly move the Court to amend the judgment in Scott's case to find restitution for those categories of losses not in dispute, the fraud losses and reissuing costs incurred by banks which issued credit and debit cards stolen or placed at risk as a result of his computer intrusions and card number thefts, and the cost of conducting forensic damage assessment of victim computer systems.

The government has received and shared with the defendant correspondence from counsel for victims TJX Companies and DSW and from a fraud investigator for Citibank following the sentencing hearing on March 29, 2010, further breaking down certain losses and expenses incurred by them as a result of the intrusions and data thefts.  Copies of pertinent portions of the correspondence have been provided to Probation to be incorporated in the pre-sentence materials, prior to this submission.

In reliance on the additional information received from the victims, and in keeping with the principles and positions articulated above, the parties move that Scott's judgment be amended to direct the following amounts of restitution.  These amounts are the same as those which have now been adopted by Judge Saris in sentencing Scott's co-conspirator, Albert

Gonzalez, for the same criminal activity.

  (a)  TJX Companies, $65,678,750

  (b)  DSW, $3,410,887.80

  (c)  Citibank, $54,225

The defendant and government agree that the Court should take into account in any restitution order:

  (a)  the defendant's financial resources and assets;

  (b)  his projected earnings and other income; and

  (c)  the financial obligations of the defendant towards any dependents.

See 18 U.S.C. §3664 (f)(2). In light of these factors, the government does not object to a restitution schedule requiring that:

  (a)  in prison, Scott shall make payments in accordance with the Bureau of Prisons Financial Responsibility Program;

  (b)  upon release, Scott shall pay ten per cent of his first Fifty Thousand Dollars per year of income after childcare and educational expenses for his child or children and taxes paid by him; and

  (c)  should his earnings exceed Fifty Thousand Dollars per year, Scott shall make restitution payments according to a payment plan established by the Court in consultation with the Probation Officer after consideration of the factors set out in 18 U.S.C. §3664(f)(2) as they may then exist.

In light of the considerations set out in section 3664 (f)(2) and the apparent financial health of the enumerated victims of his crime, the defendant requests that no restitution be required of him at this time or upon his release, except that, in the event his earnings exceed $50,000 of income, net of taxes paid, childcare and educational expenses for his child or children, he will so inform Probation and, at that time, the government may seek an appropriate order of restitution.

In light of the foregoing, the parties request a hearing on the limited question presented above.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Stephen P. Heymann
STEPHEN P. HEYMANN
Assistant U.S. Attorney


/s/ Ellen Zucker by sph
ELLEN ZUCKER
Counsel for Defendant,
Christopher Scott

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Stephen P. Heymann
STEPHEN P. HEYMANN
Date:  May 18, 2010               Assistant United States Attorney

4