✎AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| **CHISTOPHER SCOTT** | Case Number: **1: 08 CR 10224 - 001 - DPW** |

USM Number: 80497-004

Ellen J. Zucker

Defendant's Attorney     ☑ Additional documents attached

Date of Original: 3/30/10

Preliminary Order of Forfeiture & Amended Order of Forfeiture

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36), Amended Order of Forfeiture, and Order of Restitution issued.

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2, 3, and 4 of the Information on 9/22/09

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:     Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | CONSPIRACY | 2008 | 1 of 4 |
| 18 USC § 1029(a)(3) | ACCESS DEVICE FRAUD | 09/16/05 | 2 of 4 |
| 18 USC § 1028A(a)(1) | AGGRAVATED IDENITY THEFT | 12/18/06 | 3 of 4 |
| 18 USC § 1030(a)(2)(C) | UNAUTHORIZED ACCESS TO COMPUTER SYSTEMS | 11/18/05 | 4 of 4 |

The defendant is sentenced as provided in pages 2 through ___14___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/29/10
Date of Imposition of Judgment

_Douglas P. Woodlock_
Signature of Judge

The Honorable Douglas P. Woodlock

Judge, U.S. District Court
Name and Title of Judge

June 30, 2010
Date

AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
                  Sheet 2 - D. Massachusetts - 10/05

Judgment — Page __2__ of __14__

DEFENDANT: **CHISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224   - 001 - DPW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 84 months and 1 day

This term consists of a term of 5 years on Counts 1 & 4, a term of 7 years on Count 2, to be served concurrently, and a term of 1 day on Count 3 to be served consecutively to Counts 1, 2, and 4.

[✓] The court makes the following recommendations to the Bureau of Prisons:

Defendant should be designated to an institution commensurate with security where the defendant can receive appropriate mental health or psychological treatment.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

[ ] at _____ □ a.m.   □ p.m.   on _____ .

[ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[✓] before 2 p.m. on    05/07/10 _____ .

[✓] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)     (Rev 06/05) Judgment in a Criminal Case
                   Sheet 2A - D. Massachusetts - 10/05

Judgment—Page ___3___ of ___14___

DEFENDANT:     **CHISTOPHER SCOTT**
CASE NUMBER:   **1: 08 CR 10224  - 001 - DPW**
               ADDITIONAL RECOMMENDATIONS TO THE BUREAU OF PRISONS
                       **ADDITIONAL IMPRISONMENT TERMS**

Defendant should be designated to an institution commensurate with security where the defendant can receive appropriate drug treatment, including participation in the Bureau of Prisons' 500-Hour Residential Drug Abuse Program.

AO 245B(05-MA)   (Rev 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page  4  of  14

DEFENDANT:   **CHISTOPHER SCOTT**
CASE NUMBER: **I: 08 CR 10224  - 001 - DPW**

## SUPERVISED RELEASE

☑ **See continuation page**

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   3  year(s)

This term consists of a term of 3 years on Counts 1, 2, & 4, a term of 1 years on Count 3, all to be served concurrently.   ■

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page ___5___ of ___14___

DEFENDANT:    **CHISTOPHER SCOTT**
CASE NUMBER:  **1: 08 CR 10224  - 001 - DPW**

## ADDITIONAL☑ SUPERVISED RELEASE☐PROBATION TERMS

SO LONG AS HIS FINANCIAL OBLIGATIONS UNDER THIS JUDGMENT ARE OUTSTANDING, DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER.

DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.  FINANCIAL INFORMATION PROVIDED TO THE PROBATION OFFICE BY THE DEFENDANT MAY BE SHARED WITH THE FINANCIAL LITIGATION UNIT OF THE US ATTORNEY'S OFFICE.

DEFENDANT IS TO PARTICIPATE IN A PROGRAM FOR SUBSTANCE ABUSE AS DIRECTED BY THE US PROBATION OFFICE, WHICH PROGRAM MAY INCLUDE TESTING, NOT TO EXCEED 104 DRUG TESTS PER YEAR, TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF ALCOHOL OR DRUGS.  THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE US PROBATION OFFICE.  THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.

THE DEFENDANT IS PROHIBITED FROM ACCESSING ANY COMPUTER OR INTERNET SERVICE THAT DOES NOT MAINTAIN THE MONITORING SOFTWARE THAT PROBATION IS HEREBY AUTHORIZED TO INSTALL, NOR IS THE DEFENDANT PERMITTED TO ADVISE ANY PERSONS OR FAMILY MEMBERS ON USE OF ANY COMPUTER.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 5 - D. Massachusetts - 10/05

Judgment — Page    6    of    14

DEFENDANT:    **CHISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224   - 001  - DPW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS**     $ | $400.00 | $ | $  $69,143,862.80 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TJX |  | $65,678,750.00 |  |

c/o Ropes & Gray, LLP

1211 Avenue of the Americas

New York, NY 10036

Attn: Attorney Jason Brown

☑ See Continuation
Page

| **TOTALS** | $ _____ $0.00 | $ _____ $69,143,862.80 |  |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 5A - D. Massachusetts - 10/05

Judgment—Page __7__ of __14__

DEFENDANT:        **CHISTOPHER SCOTT**
CASE NUMBER:      **1: 08  CR  10224   - 001  - DPW**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

DEFENDANT SHALL NOTIFY THE US ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY
CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE
RESTITUTION REMAINS UNPAID.

ANY PAYMENT OF RESTITUTION THAT MADE, THAT IS NOT PAYMENT IN FULL, SHALL BE
DIVIDED PROPORTIONATELY AMONG THE PARTIES.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B - D Massachusetts - 10/05

DEFENDANT: **CHISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224 - 001 - DPW**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| DSW | | $3,410,887.80 | |
| 810 DSW Drive | | | |
| Columbus, OH 43219 | | | |
| Citibank | | $54,225.00 | |
| CitiGroup Security and Investigative Services | | | |
| 14700 Citicorp Dr., Bldg #2 | | | |
| Hagerstown, MD 21742 | | | |
| Attn: Vicky Peager, Operations Manager | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

Judgment — Page ___9___ of ___14___

DEFENDANT: **CHRISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224  - 001 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐  Lump sum payment of $ _____ due immediately, balance due

☐  not later than _____, or
☐  in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒  Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $400.00, AND RESTITUTION OF $69,143,862.80, IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION WITH THE PROBATION OFFICER, IF NOT PAID IN FULL BEFORE RELEASE FROM PRISON THROUGH A BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM. 🔲

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

☒ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 6A - D. Massachusetts - 10/05

DEFENDANT:          **CHISTOPHER SCOTT**                                    Judgment—Page  __10__  of  __14__
CASE NUMBER:        **1: 08  CR  10224   - 001  - DPW**

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | | Corresponding Payee,<br>if appropriate |
| --- | --- | --- | --- | --- |
| 08-cr-10223-PBS-Albert Gonzalez | $65,678,750.00 | $65,678,750.00 | TJX | |
| 08-cr-10223-PBS-Albert Gonzalez | $3,410,887.80 | $3,410,887.80 | DSW | |
| 08-cr-10223-PBS-Albert Gonzalez | $54,225.00 | $54,225.00 | Citibank | |
| 08-cr-10318-NG-Stephen Watt | $171,500,000.00 | $65,678,750.00 | TJX | |

AO 245B   (Rev 06/05) Criminal Judgment
            Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **CHISTOPHER SCOTT**                                   Judgment — Page 11 of   14
CASE NUMBER: **1: 08 CR 10224   - 001 - DPW**
DISTRICT:       **MASSACHUSETTS**

# STATEMENT OF REASONS

**I**   **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

  A  ☑  **The court adopts the presentence investigation report without change.**

  B  ☐  **The court adopts the presentence investigation report with the following changes.**
         (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable )
         (Use Section VIII if necessary )

    1   ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or
            specific offense characteristics):

    2   ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,
            role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)

    3   ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or
            scores, career offender, or criminal livelihood determinations).

    4   ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the
            presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
            or programming decisions)

  C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II**   **COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

  A  ☐  No count of conviction carries a mandatory minimum sentence

  B  ☐  Mandatory minimum sentence imposed

  C  ☑  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
         sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
         does not apply based on

         ☐  findings of fact in this case
         ☑  substantial assistance (18 U S.C. § 3553(e))
         ☐  the statutory safety valve (18 U S.C. § 3553(f))

**III**   **COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:          43
Criminal History Category:   I
Imprisonment Range:    264    to  264    months
Supervised Release Range:  2    to  3    years
Fine Range: $ 25,000    to  $  250,000
☑  Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **CHRISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224   - 001 - DPW**
DISTRICT:        **MASSACHUSETTS**

Judgment — Page  12  of    14

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☑ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V )

D ☐ The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI )

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
☑ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☑ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1 3 | Criminal History Inadequacy | ☐ 5K2 1 | Death | ☐ | 5K2 11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ 5K2 2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1 2 | Education and Vocational Skills | ☐ 5K2 3 | Extreme Psychological Injury | ☐ | 5K2 13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2 4 | Abduction or Unlawful Restraint | ☐ | 5K2 14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2 5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1 5 | Employment Record | ☐ 5K2 6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1 6 | Family Ties and Responsibilities | ☐ 5K2 7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2 8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2 0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ | 5K2 22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2 23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

Especially given the positive domestic arrangement the defendant has undertaken for his wife and their daughter, the sentence is sufficient but not greater than necessary to serve the purposes of § 3553.

AO 245B ( 05-MA)   (Rev 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:    **CHRISTOPHER SCOTT**                     Judgment — Page  13  of   14
CASE NUMBER: **1: 08 CR 10224  - 001 - DPW**
DISTRICT:        **MASSACHUSETTS**

## STATEMENT OF REASONS

## VI    COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below ).

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U S.C § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S C § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
(18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S C  § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (UseSection VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) –– Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **CHISTOPHER SCOTT**
CASE NUMBER: **1: 08 CR 10224 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**

Judgment –– Page 14 of 14

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: 69,143,862.80

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A)

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B)

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: xx/xx/1982

Defendant's Residence Address: Miami, FL

Defendant's Mailing Address: Unknown

Date of Imposition of Judgment
03/29/10

Signature of Judge
The Honorable Douglas P. Woodlock    Judge, U.S. District Court

Name and Title of Judge
Date Signed *June 30, 2010*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA           )
                                   )
            v.                     )      CRIMINAL NO. 08-10224-DPW
                                   )
CHRISTOPHER SCOTT,                 )
            Defendant.             )

## PRELIMINARY ORDER OF FORFEITURE

### WOODLOCK, D.J.,

WHEREAS, on August 5, 2008, a four-count Information was filed with this Court

charging Christopher Scott (the "Defendant") with Conspiracy, in violation of 18 U.S.C. § 371

(Count One); Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Two);

Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Count Three); and

Unauthorized Access to Computer Systems, in violation of 18 U.S.C. §§ 1030(a)(2)(C),

1030(c)(2)(B)(i), and 2 (Count Four);

WHEREAS, the Information also included a Forfeiture Allegation, which provided

notice that the United States would seek the forfeiture, upon the Defendant's conviction of the

offenses alleged in Counts Two and Four of the Information, of (1) any property constituting, or

derived from, proceeds obtained directly or indirectly, as the result of one of more of the

offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (2) any property, real or personal, which

constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including, inter alia, the following:

a.   one men's Rolex Oyster Perpetual watch, seized from 9611 SW 148th Place,
     Miami, Florida on May 7, 2008;

b.   one men's silver with clear stone ring, seized from 9611 SW 148th Place, Miami,
     Florida on May 7, 2008;

c.    one men's clear stone earring, seized from 9611 SW 148th Place, Miami, Florida
       on May 7, 2008;

d.    approximately $6,000 in United States currency, seized from 9611 SW 148th
       Place, Miami, Florida on May 7, 2008;

e.    one Gateway personal computer, Serial No. CSG73-A10-00215, seized from 9611
       SW 148th Place, Miami, Florida on May 7, 2008;

f.    one generic personal computer without a serial number, seized from 9611 SW
       148th Place, Miami, Florida on May 7, 2008;

g.    one Sony Vaio Laptop Computer, Serial No. 2-629-459-01, seized from 9611 SW
       148th Place, Miami, Florida on May 7, 2008;

h.    one 400 GB hard drive, Serial No. WMAMY1482348, seized from 9611 SW
       148th Place, Miami, Florida on May 7, 2008;

i.    one Compaq personal computer, Serial No. 6117JQHZA039, seized from 9611
       SW 148th Place, Miami, Florida on May 7, 2008;

j.    one HP Pavillion personal computer, Serial No. 2105464307254, seized from
       9611 SW 148th Place, Miami, Florida on May 7, 2008;

k.    one Toshiba Satelite personal computer, Serial No. 754424401K, seized from
       9611 SW 148th Place, Miami, Florida on May 7, 2008;

l.    one Samsung Tablet personal computer, Serial No. 409J93BLB00021E, seized
       from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

m.    one Sony Vaio Laptop Computer, Serial No. J001JETF, seized from 9611 SW
       148th Place, Miami, Florida on May 7, 2008;

n.    one Canon Rebel XT digital camera, Serial No. 1320724531, seized from 9611
       SW 148th Place, Miami, Florida on May 7, 2008;

o.    one Toshiba Satellite Laptop Computer, Serial No. 44325749K, seized from 9611
       SW 148th Place, Miami, Florida on May 7, 2008;

p.    one Compaq IPAQ PDA, Serial No. 4G33KVL150BV, seized from 9611 SW
       148th Place, Miami, Florida on May 7, 2008;

2

q.    one HP IPAQ PDA, Serial No. KRD35003GP, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

r.    one 8 GB IPOD, Serial No. JQ548QLDTXK, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

s.    one Sony video camera, Serial No. 342124, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

t.    one IPHONE, Serial No. 7U728Q3TWH8, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

u.    one 30 GB IPOD Touch, Serial No. 9C811Z1N14N, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

v.    one 2 GB IPOD, Serial No. 5U549GKXSZB, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

w.    one Sony PSP, Serial No. PP120972706-PSP1001, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

x.    one Sony PSP, Serial No. PP121999429-PSP1001, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

y.    one Samsung plasma, Serial No. 3910-39103CFY500218H, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

z.    one Sony Bravia plasma, Serial No. 8043089, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

aa.    one Apple HD display, Serial No. CY7411C7XMP, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

bb.    one Sony Bravia projector, Serial No. 2100476, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

cc.    one Panoview screen, Serial No. 07011200809, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

dd.    one Proview monitor, Serial No. FQQU74202277U, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008;

ee.    one Barracuda 320 GB hard drive, Serial No. 5QF053KX, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008; and

3

      ff.    one XBOX, Serial No. 304429624705, seized from 9611 SW 148th Place, Miami, Florida on May 7, 2008,

(collectively, the "Assets");

      WHEREAS, in addition, the Forfeiture Allegation of the Information also sought the forfeiture, upon the Defendant's conviction of one or more offenses in violation of 18 U.S.C. § 1029, charged in Count Two, of any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C), including, inter alia, the Assets;

      WHEREAS, the Information further provided that if any of the property described as being forfeitable to the United States, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 18 U.S.C. § 1029(c)(2) and/or § 982(b)(1), both of which incorporate 21 U.S.C. § 853(p);

      WHEREAS, on September 22, 2008, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that was filed on September 24, 2008;

      WHEREAS, in the written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his guilty plea;

      WHEREAS, the Defendant agreed that the assets to be forfeited included, without limitation, cash, stocks, bonds, certificates of deposit, firearms, tangible and intangible personal property and real estate;

4

WHEREAS, in the written plea agreement, the Defendant also waived and released any and all claims he may have had to any vehicles, currency, computers or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of the instant criminal case, and consented to the forfeiture of all such assets;

WHEREAS, the Assets represent vehicles, currency, computers or other personal property seized during the investigation and prosecution of this criminal case;

WHEREAS, based upon the Defendant's guilty plea and the written plea agreement, the United States has established the requisite nexus between the Assets and the offenses to which the Defendant has pleaded guilty, and accordingly, the Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1029(c)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, as a result of the Defendant's guilty plea and conviction, and pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 1029(c)(2), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Assets.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and the written plea agreement, that the government has established the requisite nexus between the Assets and the offenses to which the Defendant pled guilty. Accordingly, the Assets are hereby forfeited to the United States of

5

America for disposition pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1).

2. The United States Secret Service shall seize and hold the Assets in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Assets in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

4. Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Assets to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Assets, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Assets, the time and circumstances of the petitioner's acquisition of the right, title,

6

or interest in the Assets, any additional facts supporting the petitioner's claim, and the relief sought.

6.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the Assets.

7.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_Douglas P. Woodlock_

DOUGLAS P. WOODLOCK
United States District Judge

Dated: *March 29, 2010*



7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-10224-DPW |
| | ) |
| CHRISTOPHER SCOTT, | ) |
| Defendant. | ) |

## AMENDED ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, D.J.,**

WHEREAS, on August 5, 2008, a four-count Information was filed with this Court

charging Christopher Scott (the "Defendant") with Conspiracy, in violation of 18 U.S.C. § 371

(Count One); Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Two);

Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Count Three); and

Unauthorized Access to Computer Systems, in violation of 18 U.S.C. §§ 1030(a)(2)(C),

1030(c)(2)(B)(i), and 2 (Count Four);

WHEREAS, the Information also included a Forfeiture Allegation, which provided

notice that the United States would seek the forfeiture, upon the Defendant's conviction of the

offenses alleged in Counts Two and Four of the Information, of (1) any property constituting, or

derived from, proceeds obtained directly or indirectly, as the result of one of more of the

offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (2) any property, real or personal, which

constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and such property included, *inter alia*,

approximately $400,000.00 in United States currency;

WHEREAS, the Information further provided that if any of the property described as

being forfeitable to the United States, as a result of any act or omission by the Defendant, (a)

cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 18 U.S.C. § 1029(c)(2) and/or § 982(b)(1), both of which incorporate 21 U.S.C. § 853(p);

WHEREAS, on September 22, 2008, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that was filed on September 24, 2008;

WHEREAS, at the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States submitted that the proceeds of the Defendant's crimes totaled $400,000, and the Defendant did not dispute that amount;

WHEREAS, in the written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his guilty plea;

WHEREAS, the Defendant agreed that the assets to be forfeited included, without limitation, cash, stocks, bonds, certificates of deposit, firearms, tangible and intangible personal property and real estate;

WHEREAS, based upon the Defendant's written plea agreement and his admissions at the September 22, 2008 plea hearing, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $400,000 in United States currency;

WHEREAS, on March 29, 2010, this Court endorsed an Order of Forfeiture (Money

2

Judgment) consisting of a personal money judgment against the Defendant in the amount of \$400,000 in United States currency;

WHEREAS, also on March 29, 2010, this Court endorsed a Preliminary Order of Forfeiture against thirty-one specific assets seized from the Defendant (the "Seized Assets");

WHEREAS, the United States does not oppose the Defendant's request that he receive credit towards the satisfaction of his \$400,000 money judgment for any funds realized from the disposition of any Seized Assets which are ultimately forfeited; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of \$400,000 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B) and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The net proceeds of any Seized Assets which are forfeited and disposed of by the United States will be applied to the \$400,000 money judgment.

4.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to forfeit property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

3

5.    Pursuant to Rule 32.2(b)(3), this Order shall be included in the criminal judgment

entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this 28th day of June , 2010.



DOUGLAS P. WOODLOCK
United States District Judge

4